# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JASON BEARD, )<br>                Plaintiff, )<br>vs. )<br>CAESARS ENTERTAINMENT CORP., et al., )<br>                Defendant(s). ) | Case No. 2:16-cv-00833-JAD-NJK<br><br>ORDER<br><br>(Docket No. 26) |

Pending before the Court is the parties' joint motion to stay discovery, Docket No. 26, pending the Court's ruling on Defendants' joint combined motion to dismiss for lack of subject matter jurisdiction and for judgment on the pleadings, Docket No. 20.

**I.    Discussion**

Courts have broad discretionary power to control discovery. *See, e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Federal Rule of Civil Procedure 1 to ensure a "just, speedy, and inexpensive determination of every action." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602-3 (D. Nev. 2011).[1]

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Id*. at 602. Thus, a pending motion to dismiss alone is not ordinarily a situation that warrants a stay of discovery. *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). However, where a dispositive

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

motion raises issues of jurisdiction, venue, or immunity, Courts in the District of Nevada often determine that staying discovery is appropriate pending resolution of these threshold issues. *Id*. at 601. *See also Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at *1 (D. Nev. Oct. 31, 2013) (granting stay based on alleged lack of personal jurisdiction); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on alleged lack of subject matter jurisdiction).

In this case, Defendants' pending dispositive motion alleges, *inter alia*, that Plaintiff has failed to show a concrete injury in fact under recent Supreme Court precedent and therefore lacks standing. *See, e.g.*, Docket No. 20 at 2. Thus, Defendants argue, the Court lacks subject matter jurisdiction under Article III of the United States Constitution. *Id.* In taking a preliminary peek at the briefing of Defendants' motion, the Court is not convinced that Plaintiff has established subject matter jurisdiction. The Court notes, of course, that its view of "the jurisdictional picture may be very different than how the assigned district judge will see the jurisdictional picture." *AMC Fabrication, Inc. v. KRD Trucking W., Inc.*, 2012 WL 4846152, *4 (D. Nev. Oct. 10, 2012). Therefore, the Court concludes that a stay of discovery while the motion to dismiss is pending will best accomplish the objectives of Rule 1, to secure the just, speedy, and inexpensive determination of this action.

**II.     Conclusion**

For the reasons discussed above, the Court **GRANTS** the parties' motion to stay. Docket No. 26. In the event the motion to dismiss is not granted in full, the parties shall file a joint proposed discovery plan no later than seven days after the issuance of the order resolving the motion to dismiss.

IT IS SO ORDERED.

DATED: September 6, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge